**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tammy Marie CHOATE, Defendant–Appellant.**

**No. 93–5314.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 29, 1993.

Decided Dec. 23, 1993.

C. Cooper Fulton, Federal Public Defender's Office, Charleston, WV, argued (Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Asst. Federal Public Defender, on brief), for defendant-appellant.

Michael W. Carey, U.S. Atty., John C. Parr, Asst. U.S. Atty., Charleston, WV, argued (Betty Adkins Pullin, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before WILKINS and WILLIAMS, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

## OPINION

MICHAEL, District Judge:

On January 8, 1993, Tammy Marie Choate (now Reese) entered a plea of guilty to Count 3 of an indictment charging her with maintaining a room or enclosure for the purpose of unlawfully storing and distributing a controlled substance, in violation of 21 U.S.C. § 856(a)(2). On April 5, 1993, Choate was sentenced to 27 months incarceration. She now appeals from that conviction on the grounds that the district court erred in denying her an adjustment for acceptance of responsibility. We affirm.

We are not faced with the question whether Choate, by her guilty plea, has accepted responsibility for the offense of conviction. The district court's denial of an adjustment was based on her failure, as the court saw it, to accept responsibility for her role in the offenses alleged in Counts 1 and 2 of the indictment, which were dismissed when Choate pled guilty to Count 3. These Counts allege, respectively, that Choate conspired with others to distribute cocaine base, and that she actually possessed cocaine base with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

■ Choate first argues that the district court's election not to consider the substance of the dismissed counts as relevant conduct in determining her proper punishment under the Sentencing Guidelines precluded the court from considering that conduct in its determination of acceptance of responsibility.[1] As with many of the questions touching on the proper application of the Guidelines, the issue raised here is not easily articulated. Stated as simply as possible, however, the question is as follows. Where the defendant pleads guilty to one count of an indictment and the remaining two counts are dismissed pursuant to a plea agreement, and where at

---

1. There was no objection to this effect in the district court, nor did this argument appear in

sentencing the district court chooses a Guideline range and a point within that range without considering the conduct alleged in the dismissed counts, is the court thereby precluded from considering the conduct in the dismissed counts in determining whether the defendant should receive a downward adjustment for acceptance of responsibility?

The thrust of .Choate's argument is perhaps clearer when we examine how the issue manifests itself in her case. Under the 1991 Sentencing Guidelines (applied in this case), the base offense level for Choate's offense of conviction, a violation of 21 U.S.C. § 856, is 16. USSG § 2D1.8 (1991). The government neither sought nor received an adjustment based on relevant conduct beyond the offense of conviction, or for any other aggravating factor, so the offense level remained at 16. The issue of additional conduct therefore was "relevant" only to the extent it informed the district court's discretion in setting a sentence within the Guideline range, not to setting the range itself.[2] Ultimately, however, the district court did not consider the alleged additional conduct for even this purpose. Choate concludes that this decision by the district court freed her from having to admit conduct alleged in the dismissed counts as a prerequisite to obtaining a reduction for acceptance of responsibility.

We decline Choate's suggestion to make the scope of the acceptance of responsibility inquiry coextensive with the concept of relevant conduct as an aggravating factor in sentencing. This Court finds no legal impediment to considering, in the acceptance of responsibility inquiry, conduct which goes beyond the offense of conviction, but which is not sufficiently relevant to increase the sentencing range and/or the sentence chosen within the range. Our own approach has been to require defendants to accept responsibility for criminal conduct beyond the offense of conviction, see *United States v. Gor-*

don, 895 F.2d 932, 936 (4th Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 131, 112 L.Ed.2d 98 (1990), but we have not tied the district court's hands in its determination of just how to consider the defendant's connection to the uncharged conduct. Application note 1(c) to § 3E1.1 of the 1991 Guidelines sets forth as one consideration for acceptance of responsibility the defendant's admission to *related* conduct, not necessarily *relevant* conduct as defined in § 1B1.3. The note was amended in November, 1992 to specify the § 1B1.3 definition as the appropriate consideration, so it is a fair inference that the Sentencing Commission recognized a distinction in the terms. *See* USSG § 3E1.1, comment. (n.1(a)) (1992). A tenuous connection to the uncharged conduct may still lead a district court to view the conduct as "related" for the purpose of determining the propriety of reducing the sentence for acceptance of responsibility, even if that same conduct is not "relevant" to either an increase in the offense level or to the choice of a higher point in an established Guideline range.

Under either standard, however, the notes make clear that the defendant's admission of "related" or "relevant" conduct is only one of a number of appropriate considerations, not all of which are enumerated in the notes themselves. USSG § 3E1.1, comment. (n.1) (1991, 1992). Our customary deference to district courts regarding acceptance of responsibility determinations, *see United States v. Gordon,* 895 F.2d 932,[3] gave the district court in this case ample room to conclude that Choate had a greater connection to the dismissed offenses than she was admitting— even if the court was not prepared to increase her sentence based on that connection. The court might properly have felt that Choate was being less than forthright with authorities, and was for this reason undeserving of an acceptance of responsibility adjustment.

Choate's brief. It was raised for the first time at oral argument. Though not compelled to do so, we proceed to address the merits of the argument because the defense raised is a novel one and there is a need for guidance in the district courts regarding this application of the Sentencing Guidelines.

**2.** In fact, the district court never discussed "*relevant conduct*" or "*role in the offense*" adjustments as such. As the district court stated, and

the parties agreed, "what we have been referring to as role in the offense is just whether or not [Choate's] version as opposed to the versions of [other witnesses] are true for whatever weight that might have in the court's sentence." J.A. vol. I, at 57.

**3.** *See also* USSG § 3E1.1, comment. (n. 5) (1991) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the

We are unwilling to say that the district court was required to reduce Choate's sentence simply because it exercised its discretion to find that her involvement in the uncharged offenses did not justify increasing the sentence. *See* USSG § 1B1.4 (1991) (according sentencing judge discretion to set sentence within Guideline range), § 3E1.1, comment. (n. 5) (1991) (according great deference to district court determinations of acceptance of responsibility). This was a proper exercise of sentencing discretion.[4]

■ Choate next argues that the district court relied improperly on the corroborative testimony of a Mr. Porter, taken before the sentencing hearing but not explicitly considered in the Presentence Report. Choate also suggests that the district court erred in making reference to the court's own opportunity to assess the demeanor and credibility of Mr. Porter, and of a Mr. Mills, whose testimony Porter corroborated. We find little merit in these contentions.

Choate's own objection to the Presentence Report placed Porter's testimony in issue, so she cannot claim that she was unfairly surprised by the court's reliance on that testimony at sentencing.[5] Moreover, Porter and Mills resided with Choate, and were separately charged with distributing cocaine base. It was thus obvious that the available statements of these individuals about Choate's activities might come up at sentencing, even if no objection highlighted the statements beforehand.

A review of the record also indicates that the district court placed no great weight on anything it might have learned from seeing Porter and Mills in court. Even if it did, the court was well within its discretion to do so in the context of sentencing. Choate should not have been surprised to find that the credibility of the witnesses against her would play a role in her sentencing. Unless we can discern some greater unfairness, we will not confine the sentencing court's discretion to the evidence the adversaries wish it to consider.

Finding no merit in defendant Choate's assignments of error regarding her sentence, we affirm the district court.

*AFFIRMED.*

---

sentencing judge is entitled to great deference on review").

**4.** A contrary rule in these cases might force district courts either to ignore uneasiness about a defendant's acceptance of responsibility, or to offset grudging reductions with otherwise unwarranted increases based on conduct beyond the offense of conviction.

**5.** Choate also admits to possessing a transcript of this testimony. Brief of Appellant, at 7 n. 3.