32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny TREVINO, Defendant-Appellant.
 No. 94-5100.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 21, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-93-233)
 Hunt L. Charach, Federal Pub. Defender, C. Cooper Fulton, Asst. Federal Pub. Defender, Charleston, WVA, for appellant.
 Rebecca A. Betts, U.S. Atty., Michael O. Callaghan, Asst. U.S. Atty., Charleston, WVA, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Johnny Trevino appeals the sentence of forty-one months he received on his guilty plea to possession with intent to distribute marijuana, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). He maintains that the district court erred in its application of the guideline when it denied him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 Trevino and his mother were stopped on the interstate in West Virginia because their pickup truck had a cracked tail light and the rear license plate was hanging loose. In a consensual search of the truck, two suitcases containing 23.817 kilograms of marijuana were found.
 
 
 3
 Trevino pled guilty to possession of the marijuana with intent to distribute and was freed on bond. The probation officer first recommended a three-level reduction for acceptance of responsibility. However, Trevino later tested positive for marijuana use. The probation officer revised the report and recommended no reduction for acceptance of responsibility because of his continued criminal conduct.
 
 
 4
 At sentencing, Trevino argued that he was entitled to the reduction because he had admitted his guilt and entered a timely guilty plea. He informed the court through counsel that he did not remember using marijuana while on release, but said he had gotten drunk at a party and must have used it then.
 
 
 5
 The district court found that Trevino's continued criminal conduct and violation of the conditions of his release demonstrated a lack of acceptance of responsibility. The court also mentioned that his conduct, "combined with the fact that the instant offense occurred within a year of his release on a previous drug conviction for which ... he was treated very leniently with a sentence of probation," made him unworthy of the reduction.
 
 
 6
 On appeal, Trevino contends again that he was entitled to the reduction because he admitted his criminal conduct when arrested and entered a timely guilty plea. He claims that the district court improperly considered the recency of his prior drug conviction in denying him the reduction. He also claims that the court erred by requiring him to accept responsibility for actions which went beyond the relevant conduct for the offense of conviction. Trevino argues that this Court's holding in United States v. Gordon, 895 F.2d 932, 936 (4th Cir.) (defendant must accept responsibility for all his criminal conduct), cert. denied, 498 U.S. 846 (1990), is no longer valid following the 1992 amendment to section 3E1.1 which, in his view, limited the court to consideration of relevant conduct alone.
 
 
 7
 We rejected the latter argument in United States v. Choate, 12 F.3d 1318, 1320 (4th Cir.1994), petition for cert. filed, March 23, 1994 (No. 93-8468), in which we held that the defendant's admission of relevant conduct is only one of many factors which are appropriate for the district court to consider under section 3E1.1. Continued criminal conduct, including drug use, is another appropriate consideration. United States v. Kidd, 12 F.3d 30, 34 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3705 (U.S.1994). Consequently, the court did not err in its application of section 3E1.1.
 
 
 8
 Our review of the record discloses that the district court denied the reduction because of Trevino's drug use while on release, not because of the recency of his previous drug conviction, for which he received two criminal history points under section 4B1.1(e). The court commented parenthetically on his recent lenient sentence. However, even if the court relied in part on an invalid factor in making its determination, the denial of the adjustment was not clear error because a valid factor supported it. See United States v. Ashers, 968 F.2d 411, 414 (4th Cir.), cert. denied, 61 U.S.L.W. 3419 (U.S.1992).
 
 
 9
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.