51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simon Allen CHECKLEY, a/k/a Jamaican John, Defendant-Appellant.
 No. 93-5623.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1994.
Decided March 28, 1995.
 
 Michael A. Grace, Lisa S. Costner, Greeson & Grace, Winston-Salem, NC, for appellant. Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, NC, for appellee.
 Before HALL, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Simon Allen Checkley was convicted of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988). He appeals his conviction and sentence. Checkley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that no meritorious issues can be raised on this appeal, but the only potential issues arising in the matter pertain to Checkley's plea of guilty and to his sentencing. Checkley filed a pro se supplemental brief claiming that: (1) the district court violated Fed.R.Crim.P. 32(a)(1)(A) by not allowing him to review his presentence report; (2) his counsel was ineffective;* and (3) the district court erred in applying a two point enhancement, pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1993), for the possession of a firearm during the commission of a drug offense.
 
 
 2
 Checkley claims the district court violated Rule 32(c)(3) because the court did not ask his counsel or Checkley if Checkley had reviewed the presentence report with Checkley and had any objections to the report. He contends that he did not see his presentence report until after he was sentenced and incarcerated.
 
 
 3
 The pertinent part of Rule 32(a)(1)(A) states that:
 
 
 4
 [b]efore imposing sentence the court shall also (A) determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report....
 
 
 5
 In addition, the court is required to ensure that a defendant has reviewed his presentence report and afford the defendant and his counsel the opportunity to comment on the report. See Fed.R.Crim.P. 32(c)(3)(A); United States v. Miller, 849 F.2d 896 (4th Cir.1988).
 
 
 6
 Here, it is clear from the sentencing transcript that Checkley and his attorney discussed the presentence report prior to the sentencing hearing. Counsel expressly stated that he had discussed an objection to the report with Checkley, and as a result of that discussion counsel, with Checkley's express consent, withdrew the objection. Further, Checkley was allowed allocution, and his only comment was about his remorse for his crimes; he did not dispute the presentence report. Because the record reflects that Checkley actually discussed the report with counsel, the court did not err in failing to specifically ask Checkley whether he had read it. Miller, 849 F.2d at 898. Therefore, this claim lacks merit.
 
 
 7
 Further, the only objection which Checkley contends should have been raised was that there was no factual finding as to how the probation department determined the amount of drugs attributed to him so that his base offense level was thirty. He claims that he should not be held accountable for 48.1 grams of cocaine base as alleged in the presentence report. This claim is meritless.
 
 
 8
 A preponderance of evidence standard applies to factual disputes at sentencing. McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986); United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989). Sentencing is within the sole province and discretion of the trial judge, United States v. Pruitt, 341 F.2d 700, 703 (4th Cir.1965), and, if it is within the statutory limits, it is generally not subject to appellate review, United States v. Owens, 902 F.2d 1154 (4th Cir.1990). The factual findings of the sentencing court are reviewed under a clearly erroneous standard. United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir.1992).
 
 
 9
 According to the presentence report, which the district court accepted at sentencing as accurate, Checkley admitted selling eightball amounts (3.5 grams) to his co-defendant, Wilson, at the rate of three to four times a month over, at most, three months. These transactions amount to between 31.5 and 42 grams of cocaine base. In addition, the presentence report states that Checkley sold Wilson 16.6 grams of cocaine base in a controlled buy witnessed by surveillance officers. The total amount of cocaine base involved in these transaction amounted to at least 48.1 grams of cocaine base. Therefore, the presentence report did contain the reasons for the factual determination as to the amount of drugs attributed to Checkley.
 
 
 10
 Finally, Checkley claims the district court erred in applying a two level enhancement pursuant to U.S.S.G. Sec. 2D1.1(b)(1) for possession of a firearm during a drug offense.
 
 
 11
 According to the presentence report, after surveillance officers watched Checkley deliver cocaine to Wilson in a controlled buy, a state search warrant was served on a clothing store, which Checkley co-owned, and at Checkley's and Tobin's residence, the place charged to have been maintained for the manufacture and distribution of cocaine base. Pursuant to a search of the residence, police seized a large number of damp clear plastic bags with what appeared to be cocaine residue, two boxes of baking soda, $850 cash, scales, and a .45 caliber pistol.
 
 
 12
 Checkley contends that application of the enhancement was erroneous because no drugs were found in or near the residence where the gun was found. He further notes that the drug transaction for which he was convicted took place away from the residence and no evidence showed that he carried a weapon during that transaction or at any other time.
 
 
 13
 The relevant portion of U.S.S.G. Sec. 2D1.1(b)(1) states: "If a dangerous weapon (including a firearm) was possessed [during the commission of the offense], increase [the base offense level] by 2 levels." Section 2D1.1(b)(1), comment. (n.3) provides:
 
 
 14
 The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.
 
 
 15
 In sentencing a defendant, the court may consider relevant under U.S.S.G. Sec. 1B1.3(a)(1) (Nov.1992). Relevant conduct in the case of jointly undertaken criminal activity includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. Id. Application Note 2 to this section provides:
 
 
 16
 In the case of a jointly undertaken criminal activity, ... a defendant is accountable for the conduct (acts and omissions) of others that was both: (i) in furtherance of the jointly undertaken criminal activity; and (ii) reasonably foreseeable in connection with the criminal activity.
 
 
 17
 U.S.S.G. Sec. 1B1.3, comment. (n.2). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 61 U.S.L.W. 4447 (1993).
 
 
 18
 It is clear from the above Application Notes that Checkley may be accountable for the conduct of his co-defendants, Wilson and Tobin, if such conduct was in furtherance of the execution of the jointly undertaken criminal activity and was reasonably foreseeable by Checkley. Furthermore, it is not necessary that a conspiracy be proved. U.S.S.G. Sec. 1B1.3, comment. (n.2). In addition, the sentencing court may consider conduct in dismissed charges as relevant conduct. United States v. Choate, 12 F.3d 1318 (4th Cir.1993).
 
 
 19
 Checkley's relevant conduct includes the conduct of his co-defendant, Tobin, taken in furtherance of their jointly undertaken criminal activity and their conduct of maintaining a place for the manufacture and distribution of cocaine base. The firearm was present in the residence, Checkley and Tobin were acting in a jointly undertaken criminal activity, the weapon was connected with the relevant conduct, and it was reasonably foreseeable to Checkley that a firearm would be present at the place of manufacturing and distributing cocaine. Thus, we find that the sentencing court's decision to apply the enhancement under Sec. 2D1.1(b)(1) was not clearly erroneous.
 
 
 20
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 21
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Checkley claims his counsel was ineffective because he failed to: (1) make a complete record with respect to those objections which Checkley had to the allegations contained in the presentence report; (2) request the trial court to comply with Fed.R.Crim.P. 32; and (3) fully explain to Checkley the significant impact the information which Checkley sought to object to in the presentence report would have upon him at sentencing
 An ineffective assistance claim, however, can not be raised on direct appeal unless it is clear on the face of the record that counsel was ineffective. United States v. DeFusco, 949 F.2d 114 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992); United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). In this case, Checkley's counsel's ineffectiveness is not clear on the face of the record. Thus, Checkley's claim is not cognizable in this direct appeal.