54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steve K. FARLEY, Defendant-Appellant.
 No. 94-5624.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 20, 1995.
Decided: May 17, 1995.
 
 Jimmie Steven Hunter, Steve Hunter Associates, L.C., Lewisburg, WV, for Appellant. Deval L. Patrick, Assistant Attorney General, Steven H. Rosenbaum, Lisa J. Stark, United States Department of Justice, Washington, DC, for Appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Steve K. Farley entered a guilty plea to a charge of conspiracy to interfere with civil rights, 18 U.S.C.A. Sec. 241 (West Supp.1994), and was sentenced to serve 27 months imprisonment. He appeals his sentence, alleging that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 Farley and a number of drunken friends constructed and burned a cross near the home of the only black family in Sabine, West Virginia. The group remained at the site shouting racial epithets for about an hour, and left only when they were informed that police were on the way.* After Farley's guilty plea to conspiracy, he was released on bond and subsequently tested positive for cocaine use. Because of Farley's drug use, the probation officer recommended that no adjustment for acceptance of responsibility be made.
 
 
 3
 At sentencing, Farley acknowledged his participation in the crossburning, and admitted that he was one of those who actually constructed the cross. However, when the district court questioned him about the purpose behind the cross-burning, Farley repeatedly maintained that he did not know what the purpose was, and said he had been too intoxicated to know what he was doing that evening. The district court decided that an adjustment for acceptance of responsibility was not appropriate in light of Farley's drug use while on release. The court noted that intoxication was a contributing factor in the cross-burning, and that Farley's drug use was a continuation of the same type of conduct. The court also observed that Farley's refusal
 
 
 4
 to acknowledge the motive for the cross-burning supported the denial of the adjustment. On appeal, Farley contends that he was entitled to the adjustment because he admitted his part in the offense and because his drug use was only tenuously related to the offense.
 
 
 5
 Whether an adjustment under guideline section 3E1.1 is warranted is a factual question reviewed for clear error. United States v. Curtis, 934 F.2d 553, 557 (4th Cir.1991). While truthful admission of the conduct comprising the offense of conviction is one factor for the court to consider, the defendant's voluntary withdrawal from criminal conduct is another. The district court thus may consider conduct outside the offense of conviction in assessing the defendant's profession of acceptance of responsibility. United States v. Choate, 12 F.3d 1318, 1320 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3842 (U.S.1994). The weight of authority from other circuits holds that the district court may base its decision on subsequent criminal conduct unrelated to the offense of conviction. See United States v. McDonald, 22 F.3d 139, 142-44 (7th Cir.1994); United States v. Pace, 17 F.3d 341, 343 (11th Cir.1994); United States v. O'Neil, 936 F.2d 599, 601-02 (1st Cir.1991); United States v. Watkins, 911 F.2d 983, 985 (5th Cir.1990); but see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir.1993) (holding that conduct unrelated to offense of conviction may not be considered). Given that Farley engaged in additional criminal conduct, we find that the district court did not clearly err in denying the adjustment.
 
 
 6
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The family was later harassed in other ways and their home was burglarized and vandalized by unknown persons. They eventually moved away. Farley was not alleged to have participated in these incidents