**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5949

ANNEKA S. BARKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CR-95-112)

Submitted: May 16, 1996

Decided: June 3, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Bradley, Jr., ALBRIGHT, BRADLEY & ELLISON, Par-
kersburg, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Susan M. Arnold, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anneka Barker appeals the 12-month sentence she received for mail fraud, 18 U.S.C.A. § 1341 (West Supp. 1996). She contends that the district court clearly erred in denying her an acceptance of responsibility adjustment for unrelated post-arraignment marijuana use. USSG § 3E1.1.* We affirm.

Barker and two of her brothers staged a fake automobile accident with Barker's car in 1991, and her insurance company paid compensation to all three of them for injuries they received and for damage to the car. Barker was arraigned in July 1995 on mail fraud charges and was released on bond with conditions, including the condition that she submit to drug testing. She initially refused to provide urine samples and later tested positive for marijuana use on September 18, 1995, and on September 28, 1995.

Barker entered a guilty plea to mail fraud on September 25, 1995. The probation officer recommended that no adjustment for acceptance of responsibility be given because her marijuana use demonstrated that she had not voluntarily terminated or withdrawn from criminal conduct or associations. USSG § 3E1.1, comment. (n.1(b)). Barker objected, asserting that she ingested the marijuana in food to help her vision (she suffers from a serious eye condition).

At the sentencing hearing, Barker testified that she ingested marijuana without knowing it in food provided at a party. She said she refused at first to provide urine samples because of privacy concerns. Because Barker tested positive on two separate occasions, the district court found that she had not withdrawn from criminal conduct while on release and denied her the adjustment for acceptance of responsibility. On appeal, Barker contends that continued criminal activity which is unrelated to the offense of conviction may not be a basis for the denial of the adjustment.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

In deciding whether to grant or deny an adjustment for acceptance of responsibility, the district court makes a factual determination reviewable for clear error. United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991). The defendant's truthful admission of her conduct in the offense of conviction and her voluntary withdrawal from all criminal conduct are both factors for the court to consider under USSG § 3E1.1. Conduct outside the count of conviction is thus relevant to the district court's decision. United States v. Choate, 12 F.3d 1318, 1320 (4th Cir. 1993), cert. denied, #6D6D 6D# U.S. ___, 62 U.S.L.W. 3842 (U.S. June 20, 1994) (No. 93-8468). Only the Sixth Circuit has held, in United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993), that conduct unrelated to the offense of conviction may not be a basis for the denial of an acceptance of responsibility adjustment. Other circuits have held that the adjustment may be denied because of such conduct. See United States v. McDonald, 22 F.3d 139, 142-44 (7th Cir. 1994); United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994); United States v. O'Neil, 936 F.2d 599, 601-02 (1st Cir. 1991); United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990). Because Barker engaged in additional criminal conduct on several occasions after her arraignment, the district court did not clearly err in denying her the adjustment.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3