UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4279

SHAWN DANIELS, a/k/a Insurance
Man,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-97-336)

Submitted: March 3, 1999

Decided: March 22, 1999

Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Kelly Haley, III, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, S. David Schiller, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Shawn Daniels appeals his guilty plea conviction for possession of a weapon by a convicted felon and for aiding and abetting the same. See 18 U.S.C.A. § 922(g)(1) (West Supp. 1998), 18 U.S.C. § 2 (1994). On appeal, he alleges that the district court erred by failing to grant him a reduction for acceptance of responsibility under § 3E1.1 of the U.S. Sentencing Guidelines Manual ("USSG") (1997). For the reasons that follow, we affirm.

The facts are undisputed. Daniels was indicted for four counts of possessing a weapon as a convicted felon and one count of possession of marijuana. Under a plea agreement, Daniels pled guilty to one count of possessing a weapon as a convicted felon. The district court judge reluctantly allowed Daniels to be free on bond stating: "I will permit him to remain on bond for sentencing, but I want to tell you, please talk to him, if he gets picked up for jaywalking, he is going to the penitentiary."[1] The court further warned Daniels: "Now, you get in any trouble at all, any, you are going to come right back here, and I am going to keep you a long time. Do you understand that?"[2] Despite the court's clear instructions on December 15, 1997, Daniels was arrested for a state probation violation seven days later, on December 22, and was found in possession of cocaine. The district court followed the recommendation made in the presentence report and denied Daniels a reduction for acceptance of responsibility because of his cocaine possession following his guilty plea.

Daniels alleges that the district court erred by denying him a reduction for acceptance of responsibility because his cocaine possession was unrelated to his conviction for gun possession by a convicted felon. We review a district court's decision to deny an acceptance of responsibility decision for clear error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

_____

[1] Joint appendix "J.A." at 25.

[2] Id.

2

A defendant bears the burden at sentencing to show by a preponderance of the evidence that he is entitled to a reduction for acceptance of responsibility under USSG § 3E1.1(a). See United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). Because the sentencing judge is in a unique position to evaluate whether a defendant has accepted responsibility, such a determination is entitled to great deference. See USSG § 3E1.1, comment. (n.5). The district court has latitude to consider conduct outside the offense of conviction in assessing the sincerity of a defendant's professed acceptance of responsibility. See United States v. Choate, 12 F.3d 1318, 1320 (4th Cir. 1993). The district court may find that a defendant has not accepted responsibility despite a guilty plea and truthful admission of his conduct if he engages in conduct inconsistent with an acceptance of responsibility. See USSG § 3E1.1, comment. (n.3). Criminal conduct committed by a defendant during the pendency of the criminal proceedings may be a basis for finding that defendant has not accepted responsibility for the offense of conviction. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993).

We do not find that the district court clearly erred by denying Daniels an acceptance of responsibility credit under USSG § 3E1.1. The district court made it abundantly clear that Daniels' release was conditioned upon his lawful conduct and that any deviation would result in additional incarceration; his attempts on appeal to argue that his illegal post-plea conduct should be precluded from that same sentencing court's consideration is not well-taken. Further, we decline Daniels' invitation to follow the reasoning of the Sixth Circuit in United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993), and note that the weight of authority is to the contrary. **3** Accordingly, we affirm Daniels' conviction and sentence.

_____

**3 <u>Morrison</u>** held that a sentencing court could not consider a defendant's post-indictment pre-sentence criminal activity for purposes of USSG § 3E1.1(a) unless the conduct is related to the offense of conviction. Other courts have disagreed with this reasoning. See United States v. Ceccarani, 98 F.3d 126, 129-30 (3d Cir. 1996), cert. denied, 117 S. Ct. 1094 (1997); United States v. Byrd, 76 F.3d 194, 196-97 (8th Cir. 1996); United States v. McDonald, 22 F.3d 139, 142-44 (7th Cir. 1994); United States v. Pace, 17 F.3d 341, 343-44 (11th Cir. 1994); United States v. O'Neil, 936 F.2d 599, 600-01 (1st Cir. 1991); United States v. Watkins, 911 F.2d 983, 984-85 (5th Cir. 1990).

We dispense with oral argument because the factual and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4