**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4756

ANTHONY ALLEN PHILLIPS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-95-4-JFM)

Submitted: August 24, 1999

Decided: September 9, 1999

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thanos Kanellakos, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Christine Manuelian, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Allen Phillips pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (1994). After an evidentiary hearing, the district court found that Phillips was responsible for 1000 to 3000 kilograms of marijuana resulting in a base offense level of 32. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (1994). Phillips contends that the district court's determination in this instance was in error. Specifically, Phillips argues that some of the witnesses' testimony was not credible or consistent. Finding no reversible error, we affirm.

A district court's factual finding of quantity of drugs for sentencing purposes is reviewed for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). The Government need only prove the quantity by a preponderance of evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). The court does not have to reach its decision with scientific or statistical precision; rather, the court may consider any relevant information, "provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992).

In this instance, there was substantial testimony establishing Phillips' involvement with nearly 7000 kilograms of marijuana or cocaine. The district court specifically addressed the issue of witness credibility and gave Phillips the benefit of the doubt with regard to some testimony. Credibility determinations are within the province of the sentencing court and will not be overturned. See United States v. Fisher, 58 F.3d 96, 100 (4th Cir. 1995); United States v. Choate, 12 F.3d 1318, 1321 (4th Cir. 1993) ("Unless we can discern some greater unfairness, we will not confine the sentencing court's discretion to the evidence the adversaries wish it to consider."). Thus, we conclude that the district court's determination was not clearly erroneous.

Accordingly, we affirm Phillips' conviction and sentence. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3