**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4301

HOSEA ATRAVIS PERRY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Margaret B. Seymour, District Judge.
(CR-98-305)

Submitted: September 21, 1999

Decided: October 5, 1999

Before MURNAGHAN, HAMILTON, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
David C. Stephens, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hosea Atravis Perry pled guilty to one count of bank fraud, see 18 U.S.C. § 1344 (1994), and received a sentence of twenty-four months imprisonment. Appealing this sentence, Perry contends that the district court erred in finding that he had not accepted responsibility because he did not admit certain actions which were not relevant conduct. See U.S. Sentencing Guidelines Manual§ 3E1.1 (1998). We affirm.

In the course of his guilty plea, his subsequent interview with the probation officer, and his sentencing, Perry admitted forging checks that belonged to an acquaintance, Mary Cunningham, depositing the checks in his own accounts at several banks and in an account he opened for his daughter, and withdrawing money before the checks were dishonored. However, Perry gave conflicting accounts about Cunningham's involvement, variously stating that he stole the checks from her, that they hatched the scheme together, and that she gave him the checks to use in paying his bills without telling him that there was not enough money in the account to cover the checks he wrote. Before Perry was sentenced, the prosecutor received a letter, purportedly from Cunningham, which stated that she knew about Perry's use of the checks. However, in a telephone interview, Cunningham denied writing the letter. At sentencing, Perry argued that he was entitled to an offense level reduction under § 3E1.1 because he admitted the facts of the offense even though it was never conclusively established how the checks came into his possession. The district court disagreed. Perry renews his argument on appeal.

While a defendant need not admit relevant conduct outside the scope of the offense of conviction to qualify for an acceptance of responsibility adjustment, see USSG § 3E1.1, comment. (n.1(a)), the district court may deny the adjustment to a defendant who has pled

2

guilty and admitted all relevant conduct if his conduct otherwise is inconsistent with acceptance of responsibility. <u>See</u> USSG § 3E1.1, comment. (n.3). A defendant may thus lose the adjustment by being "less than forthright with authorities" about conduct related to the offense, even if that conduct does not increase the offense level. <u>See</u> <u>United States v. Choate</u>, 12 F.3d 1318, 1320 (4th Cir. 1993). Here, we cannot say that the district court clearly erred in denying Perry the adjustment.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3