**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4367**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONTEZ SENTELL LURRY, a/k/a Chopper,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. David A. Faber, Chief District Judge, sitting by designation. (3:04-cr-00027-WCB-DJ)

———————

Submitted: November 30, 2006      Decided: December 27, 2006

———————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John G. Hackney, Jr., Charleston, West Virginia, for Appellant. Rita R. Valdrini, Acting United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamontez Sentell Lurry pled guilty to distribution of less than five grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(b)(1)(C) (2000). Lurry's plea agreement indicated the parties were unable to stipulate a drug quantity to which Lurry would be held responsible for sentencing purposes and provided relevant conduct would be litigated before the district court. Lurry alleges aspects of his sentencing were improper. Finding no error, we affirm.

Lurry's presentence report ("PSR") recommended a base offense level of thirty-six, reflecting 500 grams of crack. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(2) (2004). However, following a two-day sentencing hearing in which ten witnesses testified concerning relevant conduct, the district court found Lurry was responsible for 432.75 grams of crack. Therefore, the court found Lurry's base offense level was thirty-four. See USSG § 2D1.1(c)(3). The district court also granted Lurry a two-level adjustment for acceptance of responsibility. See USSG § 3E1.1. Based on a total offense level of thirty-two and a criminal history category of IV, the district court determined the applicable range under the sentencing guidelines was 168 to 210 months' imprisonment. See USSG Ch. 5, Pt. A (sentencing table). The district court sentenced Lurry to 180 months' imprisonment, and he appealed.

Lurry argues the district court imposed an unreasonable sentence because it erroneously held him responsible for 432.75 grams of crack and improperly denied him an offense level reduction for a mitigating or minor role in the offense.[1]

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A § 3553(a) (West 2000 & Supp. 2006). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable).

When reviewing the district court's application of the sentencing guidelines, we review findings of fact for clear error and questions of law de novo. Green, 436 F.3d at 456. A sentence is unreasonable if based on an error in construing or applying the sentencing guidelines. Id. at 456-57. In calculating the guideline range for each co-conspirator, "all reasonably foreseeable acts and omissions of others in furtherance of the

---

[1]Lurry does not appeal his conviction.

jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense" are to be included. USSG § 1B1.3(a)(1)(B).

Lurry contends the district court overstated the drug quantity attributable to him and confused powder cocaine with crack. Of the 432.75 grams of crack the district court found attributable to Lurry, 425.25 grams were based upon Albert Byrd's testimony. Byrd testified he pooled funds from the members of their crack distribution conspiracy and "purchased some drugs." Byrd initially stated he purchased "[p]robably like nine ounces" with the pooled funds, but then agreed he had previously told an officer he purchased fifteen ounces.[2] In his prior interview, Byrd indicated he cooked the cocaine he purchased, presumably referring to powder cocaine, although he did not indicate whether he cooked the fifteen ounces referenced above.

We need not determine whether the district court's factual finding concerning relevant conduct was clearly erroneous, because any error was harmless. In United States v. Ricco, 52 F.3d 58, 63 (4th Cir. 1995), we approved a conversion ratio of 100 grams of powder cocaine yielding eighty-eight grams of crack. Applying

_____

[2]One ounce converts to 28.35 grams. See USSG § 2D1.1(c), comment. (n.10). Therefore, fifteen ounces convert to 425.25 grams.

this formula, we find fifteen ounces of powder cocaine yield 374.22 grams of crack and nine ounces of powder cocaine yield 224.53 grams of crack. Both amounts[3] are within the range that produces a base offense level of thirty-four. See USSG § 2D1.1(c)(3) (grouping amounts at least 150 grams and less than 500 grams). Accordingly, we conclude the district court's determination of Lurry's base offense level was not erroneous.

Turning to Lurry's argument under USSG § 3B1.2, a defendant has the burden of showing by a preponderance of the evidence that he had a mitigating role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). A defendant may receive a four-level reduction for being a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, comment. (n.4). This level of culpability is shown by "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others. . . ." Id. A two-level reduction may be made when a defendant is a minor participant; that is, one "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.5). In deciding whether the defendant played a minor or minimal role, the "critical inquiry is not just whether the defendant has done fewer

_____

[3]These amounts derive only from the information provided by Byrd. Lurry does not challenge the additional 7.5 grams found by the district court based upon testimony of two other witnesses.

'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotations and citations omitted). Role adjustments are determined on the basis of the defendant's relevant conduct. United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990). The district court's determination concerning the defendant's role in the offense is a factual issue reviewed for clear error. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).

Lurry incorrectly claims the district court failed to provide a basis for its denial under § 3B1.2. At the end of the sentencing hearing's first day, the court overruled Lurry's objection concerning the PSR's alleged failure to recommend a reduction on this basis. The court found Lurry presented no credible evidence he was less responsible than the other members of the crack distribution conspiracy. Clearly, the district court found Lurry failed to carry his burden by a preponderance of the evidence. See Akinkoye, 185 F.3d at 202.

Lurry also contends the district court erred when it disregarded testimony from several witnesses that he was a minor player in the drug conspiracy and instead credited Byrd's testimony that Lurry was an equal member. Lurry claims Byrd, who received the longest sentence of all of the conspirators, had the most to

gain by assisting the Government.  Thus, Lurry attacks the district court's credibility determination.

Credibility determinations are within the province of the sentencing court and will not be overturned unless clearly erroneous.  See United States v. Fisher, 58 F.3d 96, 100 (4th Cir. 1995); United States v. Choate, 12 F.3d 1318, 1321 (4th Cir. 1993) ("Unless we can discern some greater unfairness, we will not confine the sentencing court's discretion to the evidence the adversaries wish it to consider.").  The district court found Byrd's testimony credible because he did not plainly contradict earlier statements to the authorities, unlike the witnesses Lurry urges this court to credit on appeal.  This credibility determination was not clearly erroneous, and we will not overturn it.  Furthermore, after reviewing the sentencing transcript, we conclude the district court's denial of a reduction under USSG § 3B1.2 was not erroneous.

The district court imposed a sentence below the statutory maximum, see 21 U.S.C. § 841(b)(1)(C) (2000), and within the properly calculated sentencing guidelines range; thus, the sentence is presumptively reasonable.  See Green, 436 F.3d at 457. Accordingly, we affirm Lurry's sentence.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED