**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4017**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MARLIN ANDREW MARRS,

    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Thomas E. Johnston, District Judge.  (1:03-cr-00289-1)

Submitted:  October 29, 2010   Decided:  January 26, 2011

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Christian M. Capece, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlin Andrew Marrs appeals the district court's judgment finding he violated a condition of supervised release, revoking supervised release and sentencing him to twenty-three months' imprisonment. Marrs claims the evidence was insufficient to support a finding that he violated a condition of supervised release. He also claims the sentence was plainly unreasonable. Finding no error, we affirm.

This court reviews a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2010); Id. This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

2

This court will not second guess the district court's credibility determination. United States v. Lomax, 293 F.3d 701, 706 (4th Cir. 2002).

We conclude there is more than ample evidence to support the factual finding that Marrs violated a condition of supervised release. "[W]e will not confine the [court's] discretion to the evidence the adversaries wish it to consider." See United States v. Choate, 12 F.3d 1318, 1321 (4th Cir. 1993).

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, USSG Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583(e) (West 2000 & Supp. 2010), the court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C.A. § 3553(a) factors that it is permitted to consider in a supervised release revocation case. See 18

3

U.S.C.A. § 3583(e); Crudup, 461 F.3d at 440. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it "still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). Additionally, the court should address the defendant's nonfrivolous reasons for imposing a sentence different from the advisory sentencing range. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is *plainly* unreasonable." Id. at 439 (emphasis omitted).

We conclude the sentence was reasonable because there were no procedural or substantive sentencing errors. Therefore, the sentence was not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4